UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ANTHONY BRAXTON,

                                                                                                    Docket No. 24 Civ. 6191 (JLR)

                            Plaintiff,                             **AMENDED COMPLAINT**

        - against -                                              *Jury Trial Demanded*

CITY OF NEW YORK, POLICE OFFICER
JACOB AARONSON (Shield No. 00044), POLICE
OFFICER SHAUN MARKS (Shield No. 20770),
POLICE OFFICER KISHAR SURAJBALI
(Shield No. 12912), CAPTAIN KHALID BAKKAL,
POLICE OFFICER MICHAEL WARREN
(Shield No. 03582), POLICE OFFICER
PATRICK PLUNKETT (Shield No. 03208), and
JOHN DOE POLICE OFFICERS 1-5,

                            Defendants.
-----------------------------------------------------------------X

       Plaintiff, ANTHONY BRAXTON, by his attorneys, HELD & HINES, LLP, alleges, upon information and belief, as follows:

**PRELIMINARY STATEMENT**

       1.      On or about October 5, 2023, at approximately 11:48 p.m., Plaintiff was lawfully walking in the vicinity of 36th Street and 12th Avenue in Manhattan when he was unlawfully stopped by the defendant police officers and/or supervisory personnel (collectively, the "defendant officers") of the City of New York and New York City Police Department. The defendant officers are believed to have been assigned to and/or stationed at the mobile police unit located thereat.

       2.      The defendant officers, acting under color of law, then unlawfully apprehended, detained, and restrained Plaintiff against his will, without a warrant, and without reasonable suspicion or probable cause that he had committed a crime. The defendant officers tightly

handcuffed and leg shackled Plaintiff and detained him in the mobile police unit. Plaintiff was sat on a bench therein and then forcefully pushed backwards by an officer, causing Plaintiff to fall backwards onto his tightly cuffed hands and experience severe pain. The defendant officers caused and allowed Plaintiff to remain in that dangerous stress position, laying backwards on his cuffed hands, for a considerable and unreasonable period of time. Despite Plaintiff's pleas for help, exclamations of pain, and that he had not committed a crime, the defendant officers failed to intervene on Plaintiff's behalf. After approximately 30 minutes, Plaintiff lost consciousness due to the pain and swelling in his wrists from his tightly cuffed hands. Thereafter, the defendant officers transported Plaintiff to Mount Sinai West in a patrol car and escorted him into the emergency room, where they left him – uncuffed and without explanation. No formal criminal process was initiated against Plaintiff.

3. As a result of the foregoing acts and omissions, Plaintiff suffered and continues to suffer from bilateral nerve damage and weakness below the elbows, bruising and scarring to his wrists, and other significant bodily injuries, as well as psychological and emotional injuries, and pecuniary loss.

4. Plaintiff now commences this action pursuant to 42 U.S.C. § 1983 *et seq.*, seeking compensatory and punitive damages against the defendant officers for their unlawful policing, harassment, stopping, detaining, searching, and use of excessive force upon Plaintiff, in violation of Plaintiff's constitutional rights.

5. Plaintiff also asserts supplemental state law claims of (a) assault and battery, (b) negligent screening, hiring, training, supervision, and retention, (c) negligence, and (d) intentional and negligent infliction of emotional distress.

**JURISDICTION AND VENUE**

6. This action is brought pursuant to 42 U.S.C §§1983 and 1988, and the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States of America.

7. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C §§ 1331 and 1343(a)(3) and (4).

8. This Court has supplemental jurisdiction over Plaintiff's claims which arise under New York state law pursuant to 28 U.S.C § 1367.

9. Plaintiff's claim for attorney's fees and costs is predicated upon 42 U.S.C § 1988, which authorizes the award of attorney's fees and cost to prevailing plaintiffs in actions brought pursuant to 42 U.S.C § 1983.

10. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

11. Venue is appropriate in this Court pursuant to pursuant to 28 U.S.C. § 1391(b)(1) as defendant City of New York is a resident of this district and all defendants are residents of New York, and pursuant to 28 U.S.C § 1391(b)(2), as a substantial part of the events or omissions giving rise to this claim occurred within New York County, New York, which is located within this judicial district.

**PARTIES**

12. At all times hereinafter mentioned, Plaintiff, Anthony Braxton, was and remains a resident of the State of New York, County of New York.

13. Upon information and belief, and at all times relevant to this Complaint, Defendant, City of New York (hereinafter referred to as "City"), was and remains a municipal corporation organized and existing under and by virtue of the laws of the State of New York.

14. Upon information and belief, and at all times relevant to this Complaint, the New York Police Department was a department, division, or agency of the City.

15. Upon information and belief, and at all times relevant to this Complaint, the City maintained the New York City Police Department (hereinafter referred to as the "NYPD") pursuant to law.

16. Upon information and belief, and at all times relevant to this Complaint, the NYPD was and remains under the direction, supervision and control of the City.

17. At all times relevant to this Complaint, defendants Police Officer Jacob Aaronson, Police Officer Shaun Marks, Police Officer Kishar Surajbali, Captain Khalid Bakkal, Police Officer Michael Warren, and Police Officer Patrick Plunkett (collectively, the "defendant officers") were members of service of the NYPD, endowed and bestowed with ranks and appointments upon them by the City and/or NYPD, and acting under color of law. Said defendants are sued individually and in their official capacities.

18. At all times relevant to this Complaint, defendant City, its departments, agents, servants and employees, including but not limited to the NYPD, were charged with screening, hiring, training, retaining, directing, supervising, investigating, disciplining, overseeing, appointing and promoting the police officers, supervisors and staff in its employ, including but not limited to the defendant officers.

19. That upon information and belief, and all times relevant to this Complaint, the defendant officers were acting under the direction, supervision, authority, and control of the City and NYPD.

20. At all times relevant to this Complaint, NYPD supervisory personnel had direct, first-line supervisory responsibilities over the defendant officers, including responsibility for

taking appropriate measures to ensure and protect the civil rights and personal safety of members of the public in general and Plaintiff in particular. These responsibilities were required to be carried out in a manner consistent with the law, including mandates, directives and orders concerning detainer, reasonable suspicion, probable cause to arrest, use of force, and reporting and investigation of abuses of authority by staff and supervisors.

21. As alleged herein, the defendant officers harassed and intimidated Plaintiff; falsely detained Plaintiff; used excessive force on Plaintiff; and assaulted and battered Plaintiff.

## STATEMENT OF FACTS

22. On or about October 5, 2023, at or approximately 11:48 p.m., in the vicinity of 36th Street and 12th Avenue, in Manhattan, Plaintiff was lawfully walking on the sidewalk when the defendant officers unlawfully stopped, detained, restrained, searched, and apprehended Plaintiff without legal cause or justification.

23. The defendant officers did not have a reasonable suspicion to believe that Plaintiff had taken or was taking part in any illegal activity.

24. The defendant officers did not have probable cause to believe that Plaintiff had committed or was committing a crime.

25. The defendant officers did not have a warrant to arrest Plaintiff.

26. The defendant officers handcuffed Plaintiff and made them excessively tight upon his wrists.

27. The defendant officers made the handcuffs around Plaintiff's wrists unreasonably tight to the point they caused abrasions and other injuries to Plaintiff.

28. The defendant officers leg shackled Plaintiff.

29. The defendant officers brought Plaintiff inside a mobile police unit located in the vicinity.

30. The defendant officers sat Plaintiff down on a bench inside the mobile police unit and forcefully pushed him backwards on his cuffed hands, causing Plaintiff to suffer further severe pain and injuries. After approximately thirty (30) minutes of being forced to remain in that position, Plaintiff lost consciousness.

31. Thereafter, the defendant officers transported Plaintiff from the mobile police unit to Mount Sinai West. Plaintiff was escorted into the Emergency Room by the defendant officers, uncuffed, and left there.

32. Plaintiff was not formally arrested and no criminal charges were alleged against him.

33. No arrest of Plaintiff was made. No criminal charges against Plaintiff were filed.

34. As a result of the subject incident, Plaintiff suffered a deprivation of liberty, physical injuries, emotional trauma, and pecuniary losses.

35. Plaintiff did not cause or contribute to the happening of the subject incident.

36. At no time prior to, during, or after the subject police encounter did Plaintiff resist arrest or offer violence toward anyone, including but not limited to the defendant officers.

37. The defendant officers' acts and omissions alleged herein violated Plaintiff's clearly established constitutional rights.

38. It was not objectively reasonable for the defendant officers to believe that their conduct did not violate Plaintiff's constitutional rights.

39. It was clearly established law on the subject police encounter that it was unlawful and a violation of an individual's constitutional rights for a government official to seize, handcuff,

and/or detain an individual absent legal justification, reasonable suspicion, and/or probable cause.

40. The defendant officers' acts and omissions in the instance constituted an unlawful stop, search and seizure of Plaintiff's person that was violative of Plaintiff's clearly established constitutional rights.

41. It was clearly established law on the date of the subject police encounter that it was unlawful and a violation of an individual's constitutional rights for a government official to use excessive physical force.

42. The defendant officers' acts and omissions in the instance constituted an unreasonable and excessive use of force that was violative of Plaintiff's clearly established constitutional rights.

43. None of the defendant officers intervened to prevent the excessive use of force prior to or while it was occurring.

44. None of the defendant officers intervened to prevent the unlawful stop, search, seizure, detainer, and/or handcuffing of Plaintiff prior to or while it was occurring.

45. The defendant officers were acting under color of law at the time and place of the subject incident.

46. As a result of the foregoing, Plaintiff was caused to sustain physical, psychological and emotional injuries, pain and suffering, loss of liberty, deprivation and violation of his due process and civil rights, shame, embarrassment, humiliation, damage to reputation, has been caused to incur pecuniary losses, and was otherwise damaged.

**FIRST CLAIM FOR RELIEF:**
**42 U.S.C. §1983 CLAIMS AGAINST**
**DEFENDANTS POLICE OFFICER JACOB AARONSON, POLICE OFFICER SHAUN MARKS, POLICE OFFICER KISHAR SURAJBALI, CAPTAIN KHALID BAKKAL, POLICE OFFICER MICHAEL WARREN, AND**
**POLICE OFFICER PATRICK PLUNKETT**

47.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if same were fully set forth herein.

48.    As alleged above, the defendant officers, acting under the color of law, violated Plaintiff's clearly established constitutional rights in that they (a) stopped, searched, seized, detained, and handcuffed Plaintiff without legal cause or justification; (b) abused and misused their authority; and (c) used excessive force upon Plaintiff.

49.    As alleged above, the defendant officers, acting under the color of law, violated Plaintiff's clearly established constitutional rights in that they failed to intervene on Plaintiff's behalf in each of the instances alleged herein despite having time and opportunity to do so.

50.    The defendant officers acted with deliberate indifference to Plaintiff's clearly established rights.

51.    The defendant officers knew they had duties, under the U.S. Constitution as well as the laws and regulations of the State of New York, (a) to not stop, search, seize, detain, and handcuff Plaintiff without legal cause or justification; (b) not to use excessive force in carrying out their police duties; (c) to intervene when they witness improper, reckless, wanton, excessive, and/or unconstitutional actions by fellow officers; and (d) to affirmatively act so as not to cause or continue Plaintiff to be unconstitutionally detained, physically assaulted, and suffer resultant injuries.

52. Notwithstanding their awareness of these and other duties, the defendant officers, during and following their contact with Plaintiff, intentionally, recklessly and/or with deliberate indifference to their legal obligations, (a) did stop, search, seize, detain, and handcuff Plaintiff without legal cause or justification; (b) did use excessive force in carrying out their police duties; (c) did fail to timely intervene when they witnessed improper, reckless, wanton, excessive, and/or unconstitutional actions by their fellow officers; and (d) did fail to affirmatively act so as not to cause or continue Plaintiff to be unconstitutionally detained, physically assaulted, and suffer resultant injuries.

53. As a direct and proximate result of the defendant officers' deliberate indifference, Plaintiff suffered the consequences and damages aforesaid.

54. The aforesaid acts and omissions violated the plaintiff's clearly established rights under the First, Fourth, Fifth, and Fourteenth Amendments of the United States Constitution and were the direct and proximate cause of the damages he suffered.

55. The actions of the defendant officers were purposeful, malicious, and in bad faith.

56. As a result of the foregoing, Plaintiff is entitled to an award of compensatory damages, punitive damages, and reasonable attorney's fees, together with costs, expert fees, and disbursements pursuant to 42 U.S.C. §1988.

## **PENDANT STATE CLAIMS**

### Conditions Precedent

57. A Notice of Claim, setting forth the time, place, and manner of the incident and the injuries sustained by Plaintiff, was duly filed with the City of New York on or about December 4, 2023.

58. More than thirty (30) days have elapsed since Plaintiff served his Notice of Claim and the City of New York has neglected and refused to make an adjustment thereof.

59. This action commenced within one year and ninety (90) days of the incident.

60. Plaintiff appeared for a statutory hearing pursuant to GML § 50-h on April 8, 2024.

61. The limitations on liability set forth in CPLR § 1601 do not apply to this action by reason of one or more of the exceptions set forth in CPLR § 1602.

### FIRST CLAIM FOR RELIEF UNDER NEW YORK STATE LAW: ASSAULT AND BATTERY

62. Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if same were fully set forth herein.

63. As set forth above, the defendant officers did initiate nonconsensual contact with Plaintiff; did forcibly touch Plaintiff; did intimidate and cause Plaintiff's safety and security to feel threatened; and did assault and batter Plaintiff.

64. The defendant officers made offensive bodily contact with Plaintiff, constituting harmful and offensive contact to Plaintiff's person. Said contact was done intentionally by the defendant officers and without Plaintiff's consent or legal justification.

65. As alleged herein, the defendant officers' acts against Plaintiff created a reasonable apprehension in Plaintiff of immediate harmful or offensive contact to Plaintiff's person. Said acts were done intentionally by the defendant officers and without Plaintiff's consent or legal justification.

66. As alleged herein, the defendant officers' acts against Plaintiff constituted harmful and offensive contact to Plaintiff's person, which were done intentionally by the defendant officers and without Plaintiff's consent or legal justification.

67. As alleged herein, the defendant officers' acts against Plaintiff created a reasonable apprehension in Plaintiff of immediate harmful or offensive contact to Plaintiff's person. Said acts were done intentionally by the defendant officers and without Plaintiff's consent or legal justification.

68. Inasmuch as each defendant officer was acting for, upon, and/or in furtherance of the business of his employer and/or within the scope of his employment, defendant City of New York is liable under the doctrine of *respondeat superior* for the tortious actions of each defendant officer.

69. As a result of the foregoing, Plaintiff was caused to sustain physical, psychological and emotional injuries, pain and suffering, shame, embarrassment, humiliation, damage to reputation, has been caused to incur pecuniary losses, and was otherwise damaged.

### SECOND CLAIM FOR RELIEF UNDER NEW YORK STATE LAW: UNLAWFUL SEARCH, SEIZURE, AND DETAINER

70. Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if same were fully set forth herein.

71. At all times alleged herein, the defendant officers were acting within the scope of their employment with the NYPD and with the power and authority bestowed upon them by the City of New York.

72. As alleged herein, the defendant officers unlawfully searched, seized, detained, and

handcuffed Plaintiff.

73. The defendant officers' conduct complained of herein was intentional and without legal cause, justification or privilege.

74. Inasmuch as each of the defendant officers was acting for, upon, and/or in furtherance of the business of his employer and/or within the scope of his employment, defendant City of New York is liable under the doctrine of *respondeat superior* for the tortious actions of the defendant officers.

75. As a result of the foregoing, Plaintiff was caused to sustain physical, psychological and emotional injuries, pain and suffering, shame, embarrassment, humiliation, damage to reputation, has been caused to incur pecuniary losses, and was otherwise damaged.

**THIRD CLAIM FOR RELIEF UNDER NEW YORK STATE LAW: NEGLIGENT SCREENING, HIRING, TRAINING, SUPERVISION AND RETENTION BY DEFENDANT CITY OF NEW YORK**

76. Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if same were fully set forth herein.

77. The offenses alleged herein resulted, in whole or in part, due to the failure of defendant City of New York to employ qualified persons for positions of authority, and/or to properly or conscientiously train and supervise the conduct of such persons during their employment, and/or to promulgate appropriate policies and procedures either formally or by custom.

78. Defendant City of New York was negligent in its hiring, training, retention, supervision, direction, control, appointment and/or promotion of their employees, agents and/or servants, including but not limited to each of the defendants named herein.

79. Defendant City of New York knew or should have known in the exercise of reasonable care the propensities of the defendant officers to engage in the wrongful conduct heretofore alleged herein.

80. Defendant City of New York was negligent, careless and reckless in its screening, hiring, training, retention, supervision, direction, control, appointment and promotion of their agents, servants and employees in that said employees lacked the experience and ability to be hired by said defendant(s); in failing to exercise due care and caution in their screening, hiring, appointment and promotion practices, and in particular, hiring individuals who lacked the mental capacity and ability to function on behalf of said defendants; in that these individuals lacked the maturity, sensibility and intelligence to function on behalf of said defendants; in that said defendants knew of the lack of ability, experience and maturity of these individuals when they hired them; knew of the propensities of said individuals to act in the belligerent, aggressive, violent and illegal manner in which they did; in that said defendants, their agents, servants and/or employees, failed to supervise, train, suspend and/or terminate these individuals when such action was either proper or required; and in being otherwise careless, negligent and reckless in the instance.

81. The failure of the defendant City of New York to adequately train its agents, servants an employees in the reasonable exercise of their job duties and the laws of the United States of America, the State of New York, and the rules and regulations of the City of New York, is evidence of the defendants' reckless lack of cautious regard for the rights of the public in general

and Plaintiff in particular, and exhibited a lack of that degree of due care which reasonable and prudent individuals would show under the same or similar circumstances.

82. Defendant City of New York knew or should have known in the exercise of reasonable care, the propensities of its agents, servants and employees to engage in the wrongful conduct heretofore alleged in this Complaint.

83. Defendant City of New York knew or should have known that its policies, customs and practices, as well as its negligent hiring, retention, supervision, training, appointment and promotion of its agents, servants and employees, created an atmosphere where the most prominent offenders felt assured that their most brazen acts of abuse, misconduct, and neglect would not be swiftly and effectively investigated nor adverse employment action, or prosecution, taken.

84. The mistreatment, abuses, and violations of Plaintiff's rights, as set forth above, were the reasonably foreseeable consequence of defendant City of New York's negligent conduct.

85. The aforesaid acts and omissions of defendant City of New York, its agents, servants and employees, resulted in the plaintiff's rights being violated, his freedom taken from him, and him being injured.

86. As a result of the conduct complained of herein, Plaintiff suffered the damages alleged.

87. As a result of the foregoing, Plaintiff is entitled to an award of compensatory damages, punitive damages, and reasonable attorney's fees, together with costs, expert fees, and disbursements.

## FOURTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW: NEGLIGENCE

88. Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if same were fully set forth herein.

89. Each defendant, inclusive of their agents, servants and employees, owed Plaintiff a duty of care, including the duty to prevent him from being assaulted, battered, and falsely searched, seized, detained, and handcuffed.

90. Each defendant, inclusive of their agents, servants and employees, breached their duty of care to Plaintiff.

91. Each defendant, inclusive of their agents, servants and employees, was negligent in the instance in that no reasonable police officer under the same or similar circumstances would have suspected that Plaintiff had engaged in criminal activity at the time he was stopped, searched, detained, and handcuffed.

92. Each defendant, inclusive of their agents, servants and employees, was negligent in the instance in that no reasonable person under the same or similar circumstances would have caused and/or allowed Plaintiff to remain handcuffed in a stress position for a duration of time sufficient to cause him to lose consciousness.

93. The negligence of each defendant, inclusive of their agents, servants and employees, in the instance was the proximate cause of the injuries and damages suffered by Plaintiff.

94. Inasmuch the defendant officers were acting for, upon, and/or in furtherance of the business of their employers and/or within the scope of their employment, defendant City of New York is liable under the doctrine of *respondeat* superior for the tortious actions of same.

95. As a result of the conduct complained of herein, Plaintiff suffered the damages alleged.

96. As a result of the foregoing, Plaintiff is entitled to an award of compensatory damages, punitive damages, and reasonable attorney's fees, together with costs, expert fees, and disbursements.

## FIFTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW: INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

97. Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if same were fully set forth herein.

98. As set forth above, the defendants' aforesaid conduct was intentional, malicious and excessive, and served no reasonable or legitimate interest.

99. As set forth above, the defendants' aforesaid conduct was intentional, reckless and/or grossly negligent, and served no reasonable or legitimate interest.

100. As set forth above, the defendants' aforesaid acts and omissions were negligent and served no reasonable or legitimate interest.

101. As set forth above, the defendants' acts and omissions alleged herein were of an egregious and outrageous nature that exceeds all bounds usually tolerated by society and unreasonably endangered Plaintiff's psychological and emotional well-being.

102. As a result of the foregoing, Plaintiff suffered and continues to suffer severe and permanent psychological and emotional injuries, including, but not limited to, fear and apprehension of imminent physical harm, humiliation, embarrassment, shame, bouts of screaming, and prolonged agitation.

103. As a result of the foregoing, Plaintiff is entitled to an award of compensatory damages, punitive damages, and reasonable attorney's fees, together with costs, expert fees, and disbursements.

## SIXTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW:
## FALSE IMPRISONMENT

70. Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if same were fully set forth herein.

71. At all times alleged herein, the defendant officers were acting within the scope of their employment with the NYPD and with the power and authority bestowed upon them by the City of New York.

72. As alleged herein, the defendant officers falsely imprisoned Plaintiff.

73. The defendant officers' conduct complained of herein was intentional and without legal cause, justification or privilege.

74. Inasmuch as each of the defendant officers was acting for, upon, and/or in furtherance of the business of his employer and/or within the scope of his employment, defendant City of New York is liable under the doctrine of *respondeat superior* for the tortious actions of the defendant officers.

75. As a result of the foregoing, Plaintiff was caused to sustain physical, psychological and emotional injuries, pain and suffering, shame, embarrassment, humiliation, damage to reputation, has been caused to incur pecuniary losses, and was otherwise damaged.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues in this matter.

## RELIEF

Plaintiff requests the following relief, jointly and severally, as against all of the defendants:

1. An award of compensatory damages against all defendants in an amount to be determined at trial;

2. An award of punitive damages against all defendants in an amount to be determined at trial;

3. An award of attorney's fees, expert's fees, costs and disbursements; and

4. Such other and further relief as this Court deems just and proper.

Dated: Brooklyn, New York
       September 30, 2024

Respectfully submitted,

**HELD & HINES, LLP**
*Attorneys for Plaintiff*
4815 Avenue N
Brooklyn, New York 11234
(718) 531-9700
phines@heldhines.com

By: */s/ Philip M. Hines*_____
Philip M. Hines, Esq.